OPINION
{¶ 1} Brandi D. Brown, defendant-appellant, was indicted on attempted murder and felonious assault. Defendant waived her right to a jury trial and the case was tried to the court. The court found defendant guilty of felonious assault and not guilty of attempted murder and sentenced her to five years incarceration.
 {¶ 2} Defendant appeals raising, in essence, an assignment of error of ineffective counsel for the court's consideration requesting that the court protect defendant's constitutional rights as set forth in the case of Anders v. California (1967), 386 U.S. 738, 87 S.Ct. 1396. After submitting her brief, counsel for defendant moved the court for leave to withdraw as appellate counsel stating that it does not appear to a certainty that an appeal based on the record would not be frivolous. We ruled that her motion to withdraw will be held in abeyance pending review of the merits of this appeal.
 {¶ 3} This court's obligation is to not only consider the points set forth in the Anders brief filed by appellate counsel which arguably might support an error of ineffective counsel but, also, to determine whether from the record as a whole that a claim of ineffective counsel is frivolous so that counsel's motion to withdraw would be permitted.
 {¶ 4} In Penson v. Ohio (1988), 488 U.S. 75, 109 S.Ct. 346, the United States Supreme Court stated that under Anders, counsel for defendant must first conduct a "*** `consciousness examination' of the case and support a request to withdraw with a brief referring to anything in the record that might arguably support the appeal, and the court must then conduct a full examination of all the proceedings and permit withdrawal if its separate inquiry reveals no nonfrivolous issue, but must appoint new counsel to argue the appeal if such an issue exists." Id. at 76.
 {¶ 5} Counsel for defendant has completed her part by filing an Anders brief referring to anything in the record that might arguably support the appeal. At this point, we must conduct a full examination of all the proceedings and permit withdrawal if our separate inquiry reveals no nonfrivolous issue, but must appoint new counsel to argue the appeal if such an issue exists.
 {¶ 6} After a full examination of all the proceedings, we find that there is no nonfrivolous issue for appeal and that the motion of defendant's counsel to withdraw should be permitted and the judgment of the trial court be affirmed.
 {¶ 7} Defendant was found guilty by the trial court of felonious assault and not guilty of attempted murder, after trial by jury was waived by defendant. The state gave a brief opening statement as the facts of the case were not complex and defense counsel waived opening statement.
 {¶ 8} The evidence showed that there was no doubt that defendant drove a GMC truck into Starlena Watson fracturing her leg and causing other injuries. The only viable defense was accident as there was no possibility of a defense verdict based on self-defense for the reasons stated by the trial court and obviously recognized by defense counsel.
 {¶ 9} The trial proceeded with virtually no objections, nor was there any prejudicial evidence introduced by the state that could have been barred with an appropriate objection. The pertinent facts were that there was apparently previous "bad blood" between the victim and defendant and that there was a conflict, mainly verbal, between the two parties at a Shell filling station. Defendant was a passenger in a GMC truck driven by her fiancée, Charles Williams, who was outside the car shortly before this incident took place. Williams was attempting to convince the defendant and victim to cease their argument before any violence was done. At that time, defendant had moved behind the wheel of Williams' automobile and the victim was in front of the automobile holding a baseball bat. Several witnesses testified that the GMC truck which defendant was then operating, had its motor revving as if defendant were prepared to operate it into the victim or her car. Prior to that point, defendant had full opportunity to leave the scene with no harm being done, but she had instead pulled up behind Watson's car at the gasoline pump. In any event, defendant caused the GMC truck to jump forward nearly hitting her fiancée and running over the victim. One witness testified that earlier in the altercation between the two women, defendant had stated at least twice "I'm going to kill the bitch," referring to Watson.
 {¶ 10} The only witness for the defense was the defendant who testified as pertinent, that she was scared that the victim would kill her with the baseball bat and that she only wanted to get away and did not mean to strike her with the GMC truck. She stated that it was an accident, not intentional.
 {¶ 11} The trial court found that defendant was not credible and that she knowingly caused physical harm to the victim in that she intentionally drove the GMC truck over Starlena Watson in an attempt to cause physical harm or serious physical harm. He acquitted her of attempted murder, finding there was not a sufficient showing that defendant intentionally meant to cause the death of the victim.
 {¶ 12} The only possible basis for appeal is that set forth in appointed defense counsel's Anders brief, which is ineffective assistance of counsel. To prove ineffective assistance of counsel, the defendant "must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed by the Sixth Amendment. The defendant must also show that the deficient performance prejudiced the defense." Strickland v. Washington (1984), 466 U.S. 668, 687,104 S.Ct. 2052.
 {¶ 13} We find beyond any doubt that defendant has failed to show by the record in this appeal that this defense was anything other than frivolous. There is no showing that counsel's performance was deficient or prejudiced the defense.
 {¶ 14} Counsel in her Anders brief points to several parts of the record for our consideration. Firstly, counsel points to the fact that trial counsel waived opening statement. Waiving opening statement, particularly in a trial to the court where the fact pattern is rather easy to follow, is not deficient representation. The decision to waive jury was made by defendant who was questioned by the trial court. Defendant affirmed that she understood that she had the right to have the case tried by a jury and that she wished to waive that right. Additionally, an opening statement would not have aided defendant's cause.
 {¶ 15} Secondly, defendant's appointed counsel states that we should consider whether trial counsel should have objected to "leading questions and questions or responses involving hearsay throughout the trial." Counsel points specifically to the examination of Columbus Police Officer Bray concerning whether witness Charles Williams, defendant's fiancée, had changed his testimony at trial in some degree from the statement Williams gave to the officer shortly after the collision occurred. The basic difference was that at the scene, Williams told the officer that he had tried to talk the defendant into staying around for the investigation but that she left. When Williams was called by the state on cross-examination as a hostile witness, he did not remember telling defendant to stay at the scene. Officer Bray's testimony was only designed to impeach Williams' trial testimony in this respect and in any event, it had absolutely no prejudicial effect as Williams did not testify in support of defendant's accident defense.
 {¶ 16} The second alleged failure of defense trial counsel to object had to do with the testimony of Columbus Police Office Rond in narrating a time lapse security tape from the Shell station. While technically there may have been a basis to object, it was reasonable for defense counsel not to object as the testimony produced nothing that was not already brought to the court's attention through the testimony of other witnesses and was not in dispute in any significant way. There was absolutely no prejudice. Construing the record further, in the exercise of caution to see if there are any other possible failures to object, we find none.
 {¶ 17} In summary, we find that an appeal based on ineffective counsel would be frivolous as no reasonable court of appeals could find that the elements of ineffective counsel were established by the record of this case.
 {¶ 18} The motion of appointed appellate counsel to withdraw is granted.
 {¶ 19} The judgment of the trial court is affirmed.
Judgment affirmed.
KLATT and BOWMAN, JJ., concur.
McCORMAC, J., retired, of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.